UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KARIM ABDELBARY,**

    **Plaintiff,**                         **Case No.:**

**v.**

**TECH DATA CORPORATION and the
TECH DATA CORPORATION EMPLOYEE
WELFARE BENEFITS PLAN,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Karim Abdelbary, by and through undersigned counsel, hereby sues Defendants, Tech Data Corporation ("Tech Data") and the Tech Data Corporation Employee Welfare Benefits Plan ("the Plan"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is a civil enforcement action brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), specifically 29 U.S.C. § 1161 et seq., concerning Defendants' failure to provide Plaintiff with his right to elect continuation coverage under the Omnibus Retaliation Act of 1985 ("COBRA").

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 1161 et seq.

3. This Court may exercise personal jurisdiction over Defendants, because Tech Data and the Plan transact business in this District, have significant contacts with this District, and are subject to nationwide service of process under ERISA, in accordance with 29 U.S.C. § 1132(e)(2).

4. Venue is proper in this District under ERISA, 29 U.S.C. § 1132(e)(2), because: (a) Defendant Tech Data conducts business in Pinellas County, Florida, and may be found in Pinellas County; (b) the Plan is maintained in Pinellas County, and provides benefits to its participants and beneficiaries in Pinellas County; (c) Plaintiff was denied the right to elect COBRA continuation coverage in Pinellas County, which deprived him of the right to receive benefits from the Plan in Pinellas County.

## PARTIES

5. Plaintiff is a resident of Pinellas County, Florida.

6. Defendant Tech Data Corporation is a multinational distribution company specializing in IT products and services that is incorporated in Florida and headquartered in Florida. Defendant Tech Data markets its products and services nationwide, including in Pinellas County, Florida, where it is authorized to conduct business.

7. Defendant Tech Data Corporation Employee Welfare Benefits Plan is a group health plan that is administered, maintained, and offered by Defendant Tech Data to its employees in Pinellas County, Florida—including Plaintiff at the

time of the events giving rise to his claims—as part of its employee benefits package.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At the time of the events giving rise to his claims, Plaintiff was an "employee" of Defendant Tech Data within the meaning of ERISA, 29 U.S.C. § 1002(6).

12. At the time of the events giving rise to his claims, Plaintiff was also a "covered employee" within the meaning of COBRA, 29 U.S.C. § 1167(2).

13. At the time of the events giving rise to Plaintiff's claims, Defendant Tech Data employed twenty or more employees in Pinellas County, Florida on a typical business day during calendar years 2017 and 2018.  Thus, Defendant Tech Data was an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), as well as within the meaning of COBRA, 29 U.S.C. § 1167(4).

14. At the time of the events giving rise to Plaintiff's claims, Defendant Tech Data was also a "plan sponsor" for the Plan within the meaning of ERISA, 29 U.S.C. § 1002(16)(B).

15. Defendant Tech Data was also the "administrator" of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

16. Defendant Tech Data Corporation Employee Welfare Benefits Plan is a "group health plan" within the meaning of COBRA, 29 U.S.C. § 1167(1).

17. The Plan is also an "employee welfare benefit plan" within the meaning of ERISA, 29 U.S.C. § 1002(1).

18. At all times material hereto, Plaintiff was a "qualified beneficiary" of the Plan within the meaning of ERISA and COBRA, 29 U.S.C. § 1167(3).

## FACTS

19. In 2016, Plaintiff started working as an Accountant I for Tech Data in Pinellas County.

20. At the time of the events giving rise to his claims, Plaintiff worked for Tech Data at an office located within Pinellas County, Florida.

21. During the time that Plaintiff was employed by Tech Data, he participated in the Plan and received benefits from the Plan.

22. On or about September 2018, Plaintiff's employment with Tech Data was terminated.

23. Under COBRA, the termination of Plaintiff's employment with Tech Data constituted a qualifying event. See 29 U.S.C. § 1163(2).

24. Following his termination from Tech Data, Plaintiff did not receive a continuation of coverage notice under COBRA from either Tech Data or the Plan.

25. As a result of Tech Data's abrupt and premature termination of his benefits, and failure to provide him with a COBRA Notice, Plaintiff lost his health insurance benefits.

26. Plaintiff incurred medical expenses since losing his health insurance benefits through Defendants.

27. Under COBRA regulations, "[i]n the case of a plan with respect to which an employer of a covered employee is also the administrator of the plan . . . the administrator shall furnish to each qualified beneficiary a [COBRA] notice . . . not later than 44 days after . . . the date on which the qualifying event occurred." 29 C.F.R. § 2590.606-4 (b)(2).

28. Under COBRA regulations, Tech Data and the Plan had a legal duty to furnish Plaintiff with a COBRA Notice by October 14, 2018, the date corresponding to forty-four (44) days after the first qualifying event.

29. In failing to furnish a COBRA Notice to Plaintiff after October 14, 2018 in relation to Plaintiff's qualifying event, Defendants violated COBRA.

30. Plaintiff never received a COBRA Notice from Defendants after his qualifying event, to wit, the termination of his employment by Tech Data on September 1, 2018.

31. Through their failure to provide proper notice concerning election of continuation coverage to Plaintiff, Defendants showed reckless disregard for the provisions of COBRA and ERISA.

**COUNT I – VIOLATION OF ERISA SECTIONS 606(a)(2) and (4)**

32. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33. ERISA Section 606(a)(2), 29 U.S.C. § 1166(a)(2), requires an employer of an employee under a group health plan to notify the administrator of qualifying events, including termination of employment, within thirty days of the date of the qualifying event.

34. ERISA Section 606(a)(4), 29 U.S.C. § 1166(a)(4), requires an administrator of a group health plan to notify a qualified beneficiary of the beneficiary's right to elect COBRA continuation coverage following a qualifying event.

35. Defendant Tech Data had a legal duty to notify Plaintiff of his right to elect COBRA coverage in relation to his qualifying event, to wit, his termination in September 2018.

36. Defendant Tech Data was both the plan sponsor and plan administrator of the Plan. Thus, Defendants were aware of Plaintiff's qualifying event, to wit, his termination in September 2018.

37. Defendant Tech Data, as the Plan administrator, failed to provide notice of election of continuation coverage to Plaintiff within forty-four days of his termination on September 2018.

38. Plaintiff was entitled to protection under ERISA as a participant in an ERISA plan.

39. Defendants failed to furnish Plaintiff with a COBRA Notice in relation to this qualifying event in violation of 29 U.S.C. 1166(a)(4) and its implementing regulations.

40. As a result of Defendants' violations, Plaintiff has suffered harm.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter an order requiring Defendants to reimburse Plaintiff for:

   i. All medical expenses that he incurred during the time period for which he would have otherwise been covered by the Plan; and

   ii. All insurance premiums that he paid during the time that he would have been covered by the Plan if he had been given the opportunity to elect continuing coverage.

(b) That this Court enter an order requiring Defendant Tech Data, as the Plan administrator, to pay penalties of $110 per day to Plaintiff:

   i. In accordance with COBRA, 29 U.S.C. § 1166(a)(1);

   ii. for each day during which Plaintiff did not receive a COBRA Notice in relation to his qualifying event, to wit, his termination in September 2018.

(c) All costs and reasonable attorney's fees incurred by Plaintiff in bring this suit, in accordance with ERISA, 29 U.S.C. § 1166(a)(1);

(d) Other further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of June, 2022.

                            Respectfully submitted,

                            */s/ Brandon J. Hill*
                            **BRANDON J. HILL**
                            Florida Bar Number: 0037061
                            Direct Dial: 813-337-7992
                            **AMANDA E. HEYSTEK**
                            Florida Bar Number: 0285020
                            Direct Dial: 813-379-2560
                            **WENZEL FENTON CABASSA, P.A.**
                            1110 N. Florida Avenue, Suite 300
                            Tampa, Florida 33602
                            Main Number: 813-224-0431
                            Facsimile: 813-229-8712
                            Email: bhill@wfclaw.com
                            Email: aheystek@wfclaw.com
                            Email: aketelsen@wfclaw.com
                            **Attorneys for Plaintiff**